MUTUAL LIFE INS. CO. OF NEW YORK
v. MOYLE et ux.
No. 4709.

Circuit Court of Appeals, Fourth Circuit.
Dec. 27, 1940.

Pinckney L. Cain, of Columbia, S. C. (Thomas, Cain & Black, of Columbia, S. C., and Louis W. Dawson, of New York City, on the brief), for appellant.

Edward W. Mullins, of Columbia, S. C. (Paul A. Cooper, Roger M. Heyward, and D. McK. Winter, all of Columbia, S. C., on the brief), for appellees.

Before PARKER and SOPER, Circuit Judges, and WILLIAM C. COLEMAN, District Judge.

PARKER, Circuit Judge.

This is an appeal from an order dismissing the complaint in an action to obtain a declaratory judgment under 28 U.S.C.A. § 400. The ground of dismissal was that the action, in which the jurisdiction of the court was invoked on the ground of diversity of citizenship, did not involve the jurisdictional amount.

The plaintiff in the court below was an insurance company which had issued policies of life and disability insurance

to the defendant Samuel B. Moyle, payable in the event of death to his wife, the defendant Mattie S. Moyle. The death benefits provided by the policies aggregated $20,000; but the monthly disability benefits aggregated only $200 per month. The complaint alleges that in the year 1933 plaintiff approved a claim filed by the insured, based on total and permanent disability, and thereafter waived premiums on the policies and paid the monthly disability benefits for which the policies made provision; that in April, 1940, plaintiff decided that the insured was no longer totally and permanently disabled within the meaning of the policies and notified him that disability premiums would no longer be paid thereunder and that he would be required to pay premiums to maintain them in force; that the insured contested this action of plaintiff, claiming that he was still totally and permanently disabled; that each of the policies involved was in full force and effect and was a present and valid obligation of plaintiff; and that plaintiff was entitled to declaratory relief adjudging the rights of the parties in the premises, in order that it might be advised as to their rights and obligations with respect to the payment of premiums and disability benefits. The complaint was filed and the summons issued on April 26, 1940. At that time no premiums were due, and the total amount of the disability payments to which insured would have been entitled under the policies on a finding of total and permanent disability was $200.

No controversy is alleged to exist as to the validity of the policies, but, on the contrary, plaintiff itself avers that they are valid obligations and are in full force and effect. Nor is there any controversy as to the meaning of the policies. They are attached to the complaint and plainly provide that, when it shall appear that the insured is no longer totally disabled, no further disability payments will be made or premiums waived. The contention that the jurisdictional amount is involved is based upon the fact that the life expectancy of the insured exceeds the period of 16 months, for which the disability payments would exceed the sum of $3,000, and that plaintiff under the laws of the State of New York is required to set up and carry, and does set up and carry, a reserve exceeding $3,000 against insured's claim.

We think it clear that all that is in controversy is the right of the insured to the disability payments which had accrued at the time of suit. The company is obligated to make these payments only so long as the condition evidencing total and permanent disability continues; and, as this condition, theoretically at least, may change at any time, it is impossible to say that any controversy exists as to any disability payments except such as have accrued. New York Life Ins. Co. v. Viglas, 297 U.S. 672, 56 S. Ct. 615, 80 L.Ed. 971; New York Life Ins. Co. v. Stoner, 8 Cir., 92 F.2d 845; United States Fidelity & Guaranty Co. v. McCarthy, 8 Cir., 33 F.2d 7, 13, 70 A.L. R. 1447; Metropolitan Life Ins. Co. v. Hobeika, D.C., 23 F.Supp. 1; Small v. New York Life Ins. Co., D.C., 18 F. Supp. 820. Such a case is to be distinguished from one where the controversy relates to the validity of the policy and not merely to liability for benefits accrued; for, in the latter case, the amount involved is necessarily the face of the policy in addition to the amount of such benefits. See Stephenson v. Equitable Life Assur. Soc., 4 Cir., 92 F.2d 406; Bell v. Philadelphia Life Ins. Co., 4 Cir., 78 F.2d 322; Pacific Mutual Life Ins. Co. v. Parker, 4 Cir., 71 F.2d 872.

It is well settled that, in a suit by the insured to recover disability benefits under policies such as we have here, the amount involved for purposes of jurisdiction is the amount of the disability benefits for which suit is brought. Equitable Life Assur. Soc. v. Wilson, 9 Cir., 81 F.2d 657. And this is true, although the probative effect of the judgment may be to establish the right of the insured to recover sums far in excess of the jurisdictional amount. Indeed the rule is applied with respect to suits to recover instalments of interest on bonds, where the recovery may be absolutely determinative of the right to recover in future cases. New England Mortgage Security Co. v. Gay, 145 U.S. 123, 12 S.Ct. 815, 816, 36 L.Ed. 646. In the case last cited the court said: "It is well settled in this court that, when our jurisdiction depends upon the amount in controversy, it is determined by the amount involved in the particular case, and not by any contingent loss either one of the parties may sustain by the probative effect of the judgment, however certain it may be that such loss will occur. * * * In Troy

v. Evans, 97 U.S. 1 [24 L.Ed. 941], action was brought to recover certain installments upon bonds, the aggregate of which bonds exceeded $5,000, but the judgment was for less. The case was dismissed, although it appeared that the judgment would be conclusive in another action upon future installments upon the same bonds. A like ruling was made in Elgin v. Marshall, 106 U.S. 578, 1 S.Ct. 484 [27 L.Ed. 249], where a judgment was rendered for $1,660.75, against a town, on interest coupons detached from bonds which it had issued under a statute claimed to be unconstitutional. The case was dismissed in an elaborate opinion by Mr. Justice Matthews although it appeared that the judgment might be conclusive as an estoppel in any subsequent action upon other coupons, or upon the bonds themselves. So in [New Jersey] Zinc Co. v. Trotter, 108 U.S. 564, 2 S. Ct. 875 [27 L.Ed. 828], an action of trespass wherein the plaintiff recovered judgment for less than $5,000, the case was dismissed, although the court indicated that the jury were compelled to find the plaintiff had title to the land, and 'that in this way the verdict and judgment may estop the parties in another suit, but that will be a collateral, not the direct, effect of the judgment.' See, also, Opelika City v. Daniel, 109 U.S. 108, 3 S.Ct. 70 [27 L.Ed. 873]. In Bruce v. [Manchester & Keene] Railroad Co., 117 U. S. 514, 6 S.Ct. 849 [29 L.Ed. 990], suit was brought to collect interest due on certain railroad bonds by the foreclosure of a mortgage made to trustees to secure a series of bonds amounting to $500,000. As the suit was brought only to recover the interest on the bonds, which was less than $5,000, the appeal was dismissed."

■ The controversy which plaintiff has with insured is, of course, the same controversy which insured has with plaintiff; and, if that controversy cannot be said to involve the jurisdictional amount in a suit brought by the insured, it manifestly can involve no more in a suit brought by plaintiff. The fact that plaintiff asks a declaratory judgment does not change the situation. It is true that a declaratory judgment may be had with respect to future instalments which have not accrued, if the right to them is fixed by contract and the controversy relates to the validity of the contract, even though the amount of instalments which have ac-

crued at the time would not furnish the jurisdictional basis of a suit for their recovery. A declaratory judgment can be had, however, only with respect to a justiciable controversy; and the justiciable controversy here, as we have seen, extends only to the accrued disability benefits, as the conditions entitling insured to such benefits may change at any time.

Plaintiff relies particularly upon the decision of the Supreme Court in Brotherhood of Locomotive Firemen & Enginemen v. Pinkston, 293 U.S. 96, 55 S.Ct. 1, 2, 79 L.Ed. 219. In that case, however, the amount involved was the present value of monthly payments fixed by contract and terminable only upon the remarriage of the person entitled to receive them. The court held that the effect of the expectancy of remarriage was capable of actuarial determination, and that the value of the right to receive the payments subject to that contingency was $6,000. Here the right to disability payments and waiver of premiums terminates when disability ceases to exist. There is accordingly no fixed right to the continuance of the payments; and the only justiciable controversy relates to the disability payments which have accrued. Such a case was distinguished by the Supreme Court in the Pinkston case, where, referring to the case before it, the Court said: "This, it will be seen, is not an action at law to recover overdue installments, but a suit in equity to preserve and protect a right to future participation in the fund". On like principles, the decision in Thompson v. Thompson, 226 U.S. 551, 33 S.Ct. 129, 57 L.Ed. 347, is distinguishable from the case at bar. See Equitable Life Ins. Co. v. Wilson, supra, 9 Cir., 81 F.2d 657, 660.

Plaintiff relies also upon Ballard v. Mutual Life Ins. Co., 5 Cir., 109 F.2d 388; but, with great respect to the able court that rendered that decision we are unable to follow it, if its holding is that, in a case such as this, where disability payments and waiver of premiums cease upon cessation of disability, the disability payments and the amount of the premiums over the life expectancy of the insured, rather than the disability payments and premiums past due, fix the amount in controversy for purposes of jurisdiction. The decision seems to have proceeded on the theory that the plaintiff was seeking the cancellation of a claim

of the value of the policy; and on this basis it was distinguished by Judge Waller in Travelers Ins. Co. v. Wechsler, D. C., 34 F.Supp. 721, 723, a case "on all fours" with the case at bar.

■ And we do not think that the case is brought within the court's jurisdiction by the allegation as to the reserve which plaintiff is required by the laws of New York to set up and has set up against the claim of the insured. There is no controversy of any sort between plaintiff and insured with respect to this reserve, and it does not measure in any way plaintiff's liability to insured for disability benefits under his policies. As said by Judge Chesnut in Berlin v. Travelers Ins. Co., D.C., 18 F.Supp. 126, 128: "On principle it seems quite impossible to spell out from the plaintiff's declaration in this case a controversy between the parties involving more than $3,000. Indeed this is admitted by the defendant which justifies the removal only on the allegation that it will be required to establish a reserve of more than $3,000 if the plaintiff's suit is successful. As this averment is not traversed it is to be accepted as a possible consequence of the suit. But still there is no controversy between the parties as to this and if it does result from the suit it is merely incidental, consequential and collateral to the plaintiff's claim for only $250 which is the sole matter in actual controversy between the parties."

See also Small v. New York Life Ins. Co., D.C., 18 F.Supp. 820; Edelman v. Travelers Ins. Co., D.C., 21 F.Supp. 209; Stockman v. Reliance Life Ins. Co., D. C., 28 F.Supp. 446.

■ The declaratory judgment act is an important development in procedural law and should be liberally construed. We are not at liberty, however, to enlarge the jurisdiction of the court because of sympathy with its purposes. To sustain the contention of plaintiff in this case would be to draw within the federal jurisdiction a large part of the litigation over disability insurance claims involving far less than the jurisdictional amount; and such an encroachment upon the jurisdiction of state courts was certainly not intended by Congress. Important as it is that the act be liberally construed, it is equally important that it be not construed in such a way as to encroach upon the

state jurisdiction. Specifically, insurance companies may not be permitted, under the guise of seeking declaratory judgments, to drag into the federal courts the litigation of claims over which, because involving less than the jurisdictional amount, it was never intended that the federal courts should have jurisdiction. As we said in a recent case, "The federal Declaratory Judgment Act (Jud.Code § 274d, 28 U.S.C.A. § 400) is not one which adds to the jurisdiction of the court, but is a procedural statute which provides an additional remedy for use in those cases and controversies of which the federal courts already have jurisdiction". Aetna Casualty Co. v. Quarles, 4 Cir., 92 F.2d 321, 323.

Affirmed.