Joseph NELSON and Ola Mae Smith, Administratrix of the Estate of Robert Minor Smith, deceased, Appellees,

v.

VICTORY ELECTRIC WORKS, INC., Appellant.

No. 9535.

United States Court of Appeals Fourth Circuit.

Argued Nov. 13, 1964.

Decided Nov. 17, 1964.

John J. Pyne, Bethesda, Md. (John A. Beck, Bethesda, Md., on brief), for appellant.

Philip J. Lesser, Kensington, Md. (I. Irwin Bolotin and Lesser & Lesser, Kensington, Md., on brief), for appellees.

Before HAYNSWORTH, BOREMAN, and J. SPENCER BELL, Circuit Judges.

PER CURIAM:

The plaintiffs, residents of the District of Columbia who were injured during the course of their employment in Maryland, brought this action against their employer upon a contract claim calling for supplemental payments to equate the workmen's compensation payments of Maryland to the District of Columbia scale. The employer defended upon the ground that § 51 of the Maryland Workmen's Compensation Law [1] prohibits such a contractual undertaking, and that the contract is also void because of impossibility of performance.

The District Court entered judgment for the plaintiffs, which we affirm for the reasons stated by the District Judge. See, also, Larson, Workmen's Compensation Law §§ 97.61, 97.63, 97.65, 87.73. It seems plainly permissible under Maryland law for an employer to undertake contractually to supplement workmen's compensation benefits prescribed by the Act.[2] Since, under the contract, the parties have accepted Maryland administration and Maryland interpretation of her workmen's compensation acts and their application, the contract having only the effect of requiring supplemental payments to bring the Maryland scale up to that of the District of Columbia when the Maryland scale is

---

1. Art. 101, Maryland Code of 1957, § 51.

2. See Baltimore Transit Co. v. Harroll, 217 Md. 169, 141 A.2d 912.

less, there is no impossibility of performance. The contract was a valid, enforceable one.

Since the judgment was entered in the District Court, one of the plaintiffs has died. His death will require a recomputation of the contractual benefits due his statutory beneficiaries and some modification of the judgment order. For that purpose and for the entry of such other orders as may be appropriate, the judgment will be affirmed but remanded to the District Court for further proceedings.

Affirmed and remanded.