**Joseph H. BEAMAN, Appellant,**

v.

**PACIFIC MUTUAL LIFE INSURANCE COMPANY, Appellee.**

**No. 10602.**

United States Court of Appeals Fourth Circuit.

Argued Nov. 2, 1966.

Decided Dec. 1, 1966.

Leonard B. Sachs, Norfolk, Va. (Kanter, Kanter & Sachs, Norfolk, Va., on brief), for appellant.

Hugh L. Patterson, Norfolk, Va. (John M. Hollis and Willcox, Savage, Lawrence, Dickson & Spindle, Norfolk, Va., on brief), for appellee.

Before HAYNSWORTH, Chief Judge, and BELL and WINTER, Circuit Judges.

WINTER, Circuit Judge:

The district judge, on the authority of Mutual Life Ins. Co. of New York v. Moyle, 116 F.2d 434 (4 Cir. 1940), dismissed, for lack of jurisdiction, a complaint for a declaratory judgment in which appellant sought a declaration that he was permanently and totally disabled under the terms of a health and accident policy issued by appellee and also sought recovery of $69,884.00, based upon the monthly benefit under the policy times his claimed life expectancy, without discount. Lack of jurisdiction was predicated upon the determination that the amount in controversy was less than $10,000.00. The district judge was correct in his determination, and we affirm.

The policy was issued December 28, 1961. It provided indemnity of $200.00 per month, if appellant were involved in an accident which caused his total disability, for as long as appellant remained in that condition. In the event of partial disability from accident, the benefit was $100.00 per month for a like period. Total disability was defined as disability which prevented appellant from performing every duty pertaining to any gainful occupation. Partial disability was defined as disability which prevented the performance of one or more important daily duties pertaining to appellant's occupation.

On or about November 26, 1962, appellant was injured in an industrial accident while performing his usual occupation as an employee of a construction steel contractor. In his complaint, appellant alleged that as a result he " * * * suffered a total disability as a result of accident which has in the past and will in the future during the plaintiff's lifetime render him totally disabled and prevent him from performing every duty pertaining to any gainful occupation for which he is reasonably fitted as defined by the policy." For twenty-four months after the accident occurred, appellee paid appellant $200.00 per month. However, on October 21, 1964, upon obtaining a report from one of appellant's attending physicians that he was then "able to do light work," appellee concluded that appellant was no longer totally disabled within the meaning of the policy and monthly disability payments were discontinued in January, 1965. Suit was filed July 27, 1965. At a pretrial conference it was stipulated that the appellant was born March 13, 1918, and that the life expectancy of a male of appellant's age on the anticipated date of trial was 25.27 years. Diversity of citizenship between the parties was alleged and admitted. The only issue on the merits raised by the pleadings was whether appellant was totally disabled and prevented from performing every duty pertaining to any gainful occupation for which he was reasonably fitted, as defined by the policy, on and after January 1, 1965.

██ In review of the motion granted, we must assume that appellant's allegations as to his total disability would be sustained by the proof. We must, therefore, determine the proper measure of recovery to which appellant would now be entitled, because that amount is determinative of whether appellant may maintain his action in a federal district court in the light of the jurisdictional requirement that, in an action for declaratory judgment, jurisdiction exists only where there is diversity of jurisdiction between the parties, and the amount in controversy exceeds $10,000.00, exclu-

sive of interests and costs. 28 U.S.C.A. §§ 2201 and 1332. If appellant were entitled to recover only $200.00 per month for the period January 1, 1965 to July 27, 1965, manifestly, the amount in controversy was insufficient to sustain jurisdiction; but if appellant were entitled to recover that amount and also to treat appellee's failure to pay the benefits during that period as an anticipatory breach of appellee's obligation to pay benefits for total disability for the remainder of appellant's life, a sum in excess of $10,000.00 would be in controversy and the lower court would have jurisdiction.

■ The decided cases in the Supreme Court of the United States and in this and other circuits are clear that in a suit like the case at bar, the measure of recovery and, hence, the amount in controversy, is only the aggregate value of past benefits allegedly wrongly withheld. New York L. Ins. Co. v. Viglas, 297 U.S. 672, 56 S.Ct. 615, 80 L.Ed. 971 (1936); Mobley v. New York Life Ins. Co., 295 U.S. 632, 55 S.Ct. 876, 79 L.Ed. 1621 (1935); Keck v. Fidelity and Casualty Company of New York, 359 F.2d 840 (7 Cir. 1966), and cases cited therein; Mutual Life Ins. Co. of New York v. Moyle, 116 F.2d 434 (4 Cir. 1940). As we stated in the *Moyle* case:

"* * * all that is in controversy is the right of the insured to the disability payments which had accrued at the time of suit. The company is obligated to make these payments only so long as the condition evidencing total and permanent disability continues; and, as this condition, theoretically at least, may change at any time, it is impossible to say that any controversy exists as to any disability payments

except such as have accrued." (116 F.2d, at 435).

We added:

"Such a case is to be distinguished from one where the controversy relates to the validity of the policy and not merely to liability for benefits accrued; for, in the latter case, the amount involved is necessarily the face of the policy in addition to the amount of such benefits." (116 F.2d, at 435).

An early decision in the Sixth Circuit held that a refusal to pay benefits because of a claim that the insured was not totally disabled could be treated as an anticipatory breach of the entire contract if the insured alleged, and was prepared to prove, total disability for her remaining life. The present value of the entire contract would thus constitute the amount in controversy. Federal Life Ins. Co. v. Rascoe, 12 F.2d 693 (6 Cir. 1926). But that holding has been expressly disapproved by the Supreme Court of the United States in the *Viglas* case (297 U.S., at 678–679, 56 S.Ct. 615, 80 L.Ed. 971), and the *Mobley* case (295 U.S., at 639, 55 S.Ct. 876, 79 L.Ed. 1621). Its result has been criticized in 5 Williston, Contracts (1937 Ed.) § 1330A, and its disapproval by the Supreme Court has brought about a revision of 2 Restatement of the Law of Contracts (1930 Ed.) § 318. See Restatement of the Law (Contracts), 1948 Supplement, § 318, and discussion following.

■ As summarized in the Restatement, there cannot be an anticipatory breach unless there is "an element of an exchange of values still unperformed." * See also, Federal Life Insurance Co. v. Rascoe, supra (dissenting opinion, 12 F.2d, pp. 697–698). In other words, the doctrine of anticipatory breach has no

* Restatement of the Law (Contracts), 1948 Supplement, § 318, Comment e:
 "The doctrine of anticipatory breach is not extended to unilateral contracts unless the promisor's duty is conditional on receipt by him, at some time subsequent to the repudiation, of the agreed exchange for his promise or performance. The mere happening or performance of a condition is not enough, unless the performance is part of the agreed exchange of performances on the transaction, even though it is not promised. * * * There must be an element of an exchange of value still unperformed in order to make a breach by anticipatory repudiation possible."

application to a unilateral contract like the insurance policy in this case, because the condition in the policy that the insured must be totally disabled to be entitled to a benefit is not an exchange of values so as to render the contract bilateral.

Appellee relies upon Aetna Casualty & Surety Co. v. Flowers, 330 U.S. 464, 67 S.Ct. 798, 91 L.Ed. 1024 (1947); Brotherhood of Locomotive Firemen & Enginemen v. Pinkston, 293 U.S. 96, 55 S.Ct. 1, 79 L.Ed. 219 (1934); and Thompson v. Thompson, 226 U.S. 551, 33 S.Ct. 129, 57 L.Ed. 347 (1913), to support a contrary result. But in each of these cases, the matter sought to be litigated was not a right to future payments contingent on a continuation of present status, but a basic right to receive unconditional payments in the future. In *Thompson*, a wife, separated from her husband, sought to have reinstated a decree for her support and maintenance. The issue was whether the decree, in its entirety, should be given full faith and credit; the wife's right to *all* future payments was thus jeopardized. In *Pinkston*, widow sought to prevent threatened dissolution of the fund from which her pension was payable and thus to enforce her entire right to that pension. In *Flowers*, a widow sought to enforce for herself and her minor children their right to death benefits, payable in installments, under a state workmen's compensation statute. The Court, in an opinion summarizing the law of this subject, and harmonizing many of the cases cited in this opinion, specifically stated that had the widow been suing merely for the installments due her at the time of the action, dismissal would have been proper. The crucial fact in that case was that "the Tennessee statute which creates liability for the award contemplates a single action for the determination of claimant's right to benefits and a single judgment for the award granted." (330 U.S., at 467–468, 67 S.Ct., at 800). Again, the entire right to the benefits was in issue.

In the case at bar, appellee was not alleged to have declared the policy void, nor to have refused its obligation to pay if appellant was in fact totally disabled. Appellee questions only the latter fact. The significance of the distinction between a contest over a basic right to payment and a contest over payment of certain installment payments, the basic right to payment upon the happening of certain conditions being unquestioned, is, as our quotation from the *Moyle* case, supra, demonstrates, that for jurisdictional purposes the value of the former is its present aggregate value, while the value of the latter is the aggregate of installments alleged to be past due.

Since the amount in controversy in this case is less than $10,000.00, the judgment of the district court is

Affirmed.