**Harvey R. BULLIS, Plaintiff,**

v.

**NATIONAL CASUALTY COMPANY, Defendant.**

**No. 67–C–415.**

United States District Court
E. D. Wisconsin.

June 20, 1968.

---

Merton N. Rotter, Milwaukee, Wis., for plaintiff.

Suel O. Arnold, Milwaukee, Wis., for defendant.

## OPINION AND ORDER

REYNOLDS, District Judge.

This is an action on a health and accident insurance policy. It was removed to this court from the Circuit Court of Milwaukee County, Wisconsin, on December 13, 1967.

The complaint alleges that on or about September 10, 1965, while the insurance policy was in full force and effect, the plaintiff sustained an accidental bodily injury. The policy provides for payments of $300 per month for a maximum of twenty-four months in the event of total disability due to sickness. If the disability is the result of an accident, the $300 monthly benefits run for a period of sixty months. The complaint further alleges that the defendant has sent to plaintiff twenty-four consecutive monthly benefit checks of $300 each. An issue in this case is whether the disability was due to accident or sickness.

The plaintiff has moved this court to remand this case on the ground that the complaint fails to allege facts which would support the jurisdictional amount of over $10,000. It is the plaintiff's position that this action seeks continuation of the total disability monthly benefits of $300 for an additional period of thirty-six months, since plaintiff alleges that his disability resulted from "accidental bodily injury" rather than from sickness.

Title 28 U.S.C.A. § 1447(c), provides that "If at any time before final judgment it appears that the case was removed improvidently and without jurisdiction, the district court shall remand the case, * * *."

It is clear to this court from the pleadings that since the defendant has paid monthly benefits through September 1967, the plaintiff at this time could show his entitlement to only approximately eight months of further benefits, or a sum of $2,400. This amount would be even less if computed from the time the action was removed.

The case of Beaman v. Pacific Mutual Life Insurance Co., 369 F.2d 653 (4th Cir. 1966), is dispositive of this case. In the *Beaman* case, an insured sought a declaration that he was permanently and totally disabled under a health and accident policy providing $200 a month for as long as the insured remained totally disabled. The insured further sought recovery of $69,884 based upon the monthly benefit times his claimed life expectancy. The court held that the action should be dismissed for failure to allege facts sufficient to support the requisite jurisdictional amount. See also Keck v. Fidelity and Casualty Company of New York, 250 F.Supp. 309 (N.D.Ill. 1965), 359 F.2d 840 (7th Cir. 1966).

For the foregoing reasons, and on the file and briefs submitted, and the court being fully advised in the premises,

It is ordered that the above-captioned case be and it hereby is remanded to the Circuit Court of Milwaukee County, Wisconsin.