**Howard Lupton CARROLL, Plaintiff,**

v.

**MUTUAL OF OMAHA INSURANCE COMPANY, Defendant.**

**Civ. A. No. 73-C-2-R.**

United States District Court,
W. D. Virginia,
Roanoke Division.

March 1, 1973.

## OPINION and JUDGMENT

DALTON, District Judge.

*Ruling On Motion To Dismiss*

Plaintiff filed a complaint with this court on January 4, 1973 and seeks damages from defendant Mutual of Omaha Insurance Company (Mutual) for refusal to continue its disability payments under a health and accident policy issued to the plaintiff. Plaintiff alleges jurisdiction under 28 U.S.C.A. § 1332 (diversity of citizenship) and states that he is a citizen of Virginia and that Mutual is a foreign corporation, organized under the laws of Nebraska, and the amount in controversy exceeds $10,000.

Defendant moves to dismiss the action on the grounds that the court lacks jurisdiction, in that the amount in controversy is less than $10,000.

*Facts*

On January 20, 1971, Mutual issued a health and accident policy to the plain-

tiff, Policy No. 72DPR200–177970–71M, which provided, inter alia, for a monthly benefit of $200.00 during the lifetime of the insured if he sustained injuries which totally disabled him and prevented future gainful employment. During the month of February 1971, the plaintiff, while engaged in his normal occupation as a rate clerk for the Chesapeake and Ohio Railway Company, Clifton Forge, Virginia, fell and sustained multiple injuries. Following this accident, plaintiff made a claim against Mutual, who paid him over a period of months based upon the partial injury sustained in the fall.

Plaintiff alleges that because of the multiple injuries he received in the fall, he has become totally disabled and unable to work in his usual occupation. He also alleges that the defendant is aware of plaintiff's alleged disability, but refuses to make any further payment to the plaintiff. Plaintiff claims that this refusal to make payments is a "deliberate and wanton act" and has caused him to suffer substantial damages. He seeks $50,000 in damages.

### Conclusions of Law

The court will now consider the jurisdictional issue, whether the amount in controversy is less than $10,000. Plaintiff seeks $50,000 in damages; however, he does not specify whether the damages are actual or punitive. Therefore, the court assumes that plaintiff arrived at his damage claim based upon the $200.00 monthly benefit under the policy times his estimated life expectancy. Courts have held that jurisdiction in diversity cases is to be strictly construed. Smith v. Abbate, 201 F. Supp. 105 (S.D.N.Y.1961); Seideman v. Hamilton, 173 F.Supp. 641 (E.D.Pa. 1959). This court notes that if the allegations of the complaint be taken as true, then plaintiff became totally disabled in February 1971 and was entitled to payment of the sum of $200.00 per month, the maximum amount recoverable before the filing of this complaint being $4800.00.

As defendant correctly points out, the controlling case regarding future disability payments which are necessary to establish minimum jurisdictional amount is Beaman v. Pacific Mutual Life Insurance Company, 369 F.2d 653 (4th Cir. 1966). In *Beaman*, the Fourth Circuit affirmed Judge Hoffman's dismissal of a diversity action, which sought recovery of $69,884 damages for total disability under an accident policy providing $200.00 per month indemnity. The damages claimed were based on the monthly benefit times the claimed life expectancy of 25.27 years. Writing for the Fourth Circuit in *Beaman*, Judge Winter stated:

> The decided cases in the Supreme Court of the United States and in this and other circuits are clear that in a suit like the case at bar, the measure of recovery and, hence, the amount in controversy, is only the aggregate value of past benefits allegedly wrongly withheld. New York L. Ins. Co. v. Viglas, 297 U.S. 672, 56 S.Ct. 615, 80 L.Ed. 971 (1936); Mobley v. New York Life Ins. Co., 295 U.S. 632, 55 S.Ct. 876, 79 L.Ed. 1621 (1935); Keck v. Fidelity and Casualty Company of New York, 359 F.2d 840 (7th Cir. 1966), and cases cited therein; Mutual Life Ins. Co. of New York v. Moyle, 116 F.2d 434 (4th Cir. 1940). 369 F.2d at 655.

Citing the reason for limiting the amount in controversy to accrued disability payments, Judge Winter referred to Mutual Life Ins. Co. of New York v. Moyle, supra:

> As we stated in the Moyle case:

> " * * * all that is in controversy is the right of the insured to the disability payments which had accrued at the time of suit. The company is obligated to make these payments only so long as the condition evidencing total and permanent disability continues; and, as this condition, theoretically at least, may change at any time, it is impossible to say that any controversy exists as to any disability payments

except such as have accrued." (116 F.2d at 435). 369 F.2d at 655.

■ Other courts have held that a finding of disability in insurance cases does not involve future sums which may become due so as to make a total within jurisdiction of a federal court in diversity cases. Godfrey v. Brown Paper Mill Co., 52 F.Supp. 926 (W.D.La.1943); Mitchell v. Mutual Life Ins. Co. of New York, 31 F.Supp. 441 (W.D.La.1940).

Therefore, the court does not find the amount in controversy to be more than $10,000, as alleged, nor does it find merit in plaintiff's argument that this case differs from *Beaman* because plaintiff is totally disabled in the instant case. Both cases involve the prospect of future payments, and unless other damages can be specifically enumerated, the $10,000 requirement has not been met.

Accordingly, defendant's motion to dismiss the action on the ground of lack of jurisdiction is granted. It is therefore adjudged and ordered that the plaintiff's complaint be dismissed without costs.