Johnny LENOX, Plaintiff,

v.

S. A. HEALY COMPANY, Defendant and Third Party Plaintiff,

v.

BITUMINOUS CASUALTY COMPANY, Third Party Defendant.

Civ. No. B–78–1662.

United States District Court, D. Maryland.

Nov. 16, 1978.

Leonard J. Ralston, Jr., and Ashcraft, Geral & Koonz, Washington, D. C., for plaintiff.

Alan I. Baron and Frank, Bernstein, Conaway & Goldman, Baltimore, Md., Harold Gordon, William H. Roberge, Jr., and Gordon & Healy, Washington, D. C., for defendant & third party plaintiff.

Robert E. Cahill and Melnicove, Kaufman & Weiner, P. A., Baltimore, Md., for third party defendant.

## MEMORANDUM AND ORDER

BLAIR, District Judge.

In an effort to recover certain funds allegedly due and owing from defendant, plaintiff Johnny Lenox brought suit in the Circuit Court for Prince George's County, Maryland. Defendant has removed the action to this court, alleging that diversity of citizenship exists and that the amount in controversy exceeds $10,000. There is no dispute regarding the existence of diverse citizenship; plaintiff does, however, contend that the amount in controversy is less than $10,000. Plaintiff therefore seeks remand of the action to the state court.

Plaintiff's claim against defendant arises out of an injury sustained while working for defendant in the State of Maryland. At the time of this injury, plaintiff was covered by a collective bargaining contract between the Carpenters' Local Union No. 1590, Washington, D. C., of which plaintiff is a member, and plaintiff's employer, defendant S. A. Healy Company. In this contract, defendant agreed to provide the following supplemental disability benefits to its employees. If an employee of Healy Company became injured and received a workmen's compensation award under the laws of Maryland, the defendant agreed to pay this employee the difference between the workmen's compensation benefits provided under Maryland law and the scale of benefits provided by the workmen's compensation law for the District of Columbia, for the same percentage of disability as found by the Maryland Workmen's Compensation Commission.[1]

As a result of plaintiff's injury, the Maryland Workmen's Compensation Commission found that he was entitled to benefits for temporary total disability at the rate of $188.00 per week from February 3, 1977 to July 4, 1978. Under the District of Columbia's Compensation Act, plaintiff would have received $266.67 per week, a difference of $78.67 per week, resulting in a total of $5,799.11, for the period involved. It is this sum which plaintiff seeks from defendant pursuant to the above-mentioned collective bargaining contract. In addition, plaintiff seeks ". . . specific performance ordering the defendant to pay such other benefits as *may* become due under the contract." (*Emphasis added*).

It is undisputed that the amount allegedly due and owing plaintiff at the time of this action falls below the $10,000 minimum required. Defendant contends, however, that plaintiff's prayer for specific performance regarding any amounts which may become due in the future requires that such amounts be calculated and included in computing the jurisdictional amount. This court does not agree.

It is well settled that when an *unconditional* right to future payments exists, the court may consider such payments in computing the amount in controversy. *Aetna Casualty & Surety Co. v. Flowers*, 330 U.S. 464, 467–68, 67 S.Ct. 798, 91 L.Ed. 1024 (1947). This court found such unconditional right to payments in *Sharp v. Liberty Mutual Insurance Co.*, 463 F.Supp. 104, Civil No. B–77–1002 (Oct. 31, 1977),[2] where the policy under which insured brought suit contemplated but one single determination of the plaintiff's entire right to benefits.

1. Defendant purchased insurance for this purpose from the Bituminous Casualty Corporation and has impleaded that insurance company as a third party defendant in this action, seeking a declaratory judgment regarding the rights and responsibilities of the parties under the policy.

2. A copy of the opinion in *Sharp* is filed with the original of this Memorandum and Order.

However, plaintiff's right to recovery of any future payments in this case is totally dependent upon his physical condition. The full extent of plaintiff's disability is not yet known. In fact, defendant admits that plaintiff has a claim now pending before the Maryland Workmen's Compensation Commission. Thus, unlike the situation in *Sharp, supra*, plaintiff's right to future payments is entirely uncertain; whether it exists has not yet been established.

The present case is very much like the situation in *Beaman v. Pacific Mutual Life Insurance Co.*, 369 F.2d 653 (4th Cir. 1966), where the court forbade aggregation of presently owing and future payments due under an insurance policy. In *Beaman*, the policy sued under permitted ongoing challenges to the initial finding of disability. The collective bargaining agreement here involves essentially the same terms and conditions as those embodied in the insurance policy in *Beaman*. The rights to future payments are conditional; no final determination has been made as to plaintiff's right, if any, to receive those future payments.

■ In addition, the court may consider future payments when the right to such is ". . . being litigated in the present suit. . . ." 1 *Moore's Federal Practice* § 0.93[5.–3] at 904. This issue is not before the court, however. This court is not called upon to determine whether plaintiff has any substantive rights to future payments; plaintiff merely asks the court to direct defendant to pay any future benefits should it be found by the Maryland Compensation Commission that rights to such exist.[3]

Future payments may also be aggregated if the suit involves a total breach of contract, affecting both present and future liability. 1 *Moore's Federal Practice* § 0.93[5.–1] at 898. Again, this is not an issue before the court. In the present case, there has been no allegation that defendant has refused to pay future benefits. Nor is there any allegation that the total collective

bargaining agreement has been breached. Plaintiff merely seeks payment of accrued benefits and an order directing payment of future payments should he be entitled to such in the future.

The court stated in *Beaman, supra* at 655, quoting from its earlier decision in *Mutual Life Insurance Co. of New York v. Moyle*, 116 F.2d 434, 435 (4th Cir. 1940):

" * * * all that is in controversy is the right of the insured to the disability payments which had accrued at the time of suit. The company is obligated to make these payments only so long as the condition evidencing total and permanent disability continues; and, as this condition, theoretically at least, may change at any time, it is impossible to say that any controversy exists as to any disability payments except such as have accrued."[4]

■ For the above reasons, the court finds that the amount in controversy in the present case is $5,799.11, the amount of payments allegedly past due and owing from defendant. Since this amount is less than $10,000, the court lacks jurisdiction under 28 U.S.C. § 1332. Removal under 28 U.S.C. § 1441 is, therefore, improper.

Accordingly, it is this 16th day of November, 1978, by the United States District Court for the District of Maryland,

ORDERED that plaintiff's motion to remand this case to the Circuit Court for Prince George's County, Maryland be, and hereby is, GRANTED.

The Clerk shall send a copy of this Memorandum and Order to counsel for the parties.

---

3. Whether plaintiff's prayer for specific performance is proper in this matter is not now addressed by the court.

4. For further discussion of authority regarding the applicability of the doctrine of anticipatory breach, see additional analysis by the court in *Beaman, supra* at 655–56.