James J. SHARP

v.

LIBERTY MUTUAL INSURANCE COMPANY.

Civ. No. B–77–1002.

United States District Court, D. Maryland.

Dec. 26, 1978.

---

Robert G. Samet and Ashcraft, Gerel & Koonz, Rockville, Md., for plaintiff.

Francis J. Ford, Rockville, Md., for defendant.

## MEMORANDUM AND ORDER

BLAIR, District Judge.

Plaintiff James Sharp seeks to recover from defendant Liberty Mutual Insurance Company certain sums allegedly due and owing on an insurance policy issued by defendant to plaintiff's employer, of which policy plaintiff is a third party beneficiary. The insurance policy is an "excess compensation" policy, obtained in fulfillment of a collective bargaining agreement between plaintiff's employer and plaintiff's union. This collective bargaining agreement required the purchase by plaintiff's employer of insurance which would provide to any employee injured while working outside the District of Columbia, the same compensation benefits provided by the District of Columbia's Workmen's Compensation Act.[1]

Plaintiff, having been injured while working in Maryland, was awarded permanent partial disability benefits by the Maryland Workmen's Compensation Commission.[2] Since these benefits are less than those he would have received had he sustained his injuries in the District of Columbia, he now seeks payment of the difference by defendant. Plaintiff has moved for partial summary judgment on the issue of defendant's liability under the insurance policy. Defendant responds that the language of the contract does not impose such liability on it and has, accordingly, filed a cross-motion for summary judgment. No hearing is necessary. Local Rule 6.

The disputed section of the collective bargaining contract on which the insurance policy is conditioned states, in part:

Article XI. Workmen's Compensation

(2) . . . The employer . . . agrees to carry adequate Workmen's Compensation Insurance and liability insurance conditioned in such a manner that an employee under this agreement shall receive compensation benefits *upon the basis and at the same rate of compensation as provided by the Workmen's Compensation Law of the District of Columbia.* (Emphasis added).

Defendant alleges that the Maryland Compensation Act requires determination of permanent partial disability on a different

1. Jurisdiction is based on 28 U.S.C. § 1332, diversity of citizenship, plaintiff being a Maryland resident, and defendant a Massachusetts corporation. The amount in controversy was found to exceed $10,000 by order of this court, October 31, 1977.

2. The Maryland Commission found 25% permanent partial disability resulting in compensation of $35.00 per week for 125 weeks. It also found temporary disability resulting in compensation of $109.67 per week for 13 weeks and one day.

*basis* than does the District of Columbia Act (hereafter the D.C. Act); therefore, the findings of the Maryland Commission do not result in any liability of defendant under the contract.

Such injuries as plaintiff has sustained are governed by the "Other Cases" section of the Maryland Compensation statute under which a factual determination as to loss must be made by the Commission before compensation is awarded, if at all. The Maryland statute, in pertinent part, reads as follows:

Other Cases (a)

In all other cases of disability other than those specifically enumerated disabilities set forth in subsection (3) of this section, which disability is partial in character, but permanent in quality, the Commission shall determine the portion or percentage by which the *industrial use* of the employee's body was impaired as a result of the injury and in determining such proportion or percentage of impairment resulting in an *industrial loss*, the Commission shall take into consideration, . . . . (Emphasis added).

*Annotated Code of Maryland* Art. 101 § 36(4). The comparable section of the D.C. Act is found in Title 36, Chapter 5, § 501 of the District of Columbia Code, which adopts the language of the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C. § 908(c)(21), and provides:

Other cases: In all other cases in this class of disability the compensation shall be 66⅔ per centum of the difference between his average weekly wages and his *wage-earning capacity* thereafter in the same employment or otherwise, . . . (Emphasis added).

Defendant asserts that the finding by the Maryland Commission of a 25% "industrial loss" by plaintiff is not the same as a 25% loss of "wage-earning capacity" required by the D.C. Act.

The issue, therefore, is whether the finding of industrial loss under the Maryland statute is equivalent to a finding of loss of wage-earning capacity under the D.C. Act so as to require the imposition of the higher rates of the D.C. Act to the Maryland Commission's award. This court holds that these determinations are equivalent.

This precise question was presented and fully discussed in *Cox v. American Store Corp.*, 283 F.Supp. 390 (D.Md.1968). The court carefully analyzed the statutory language in both acts. It considered the criteria used in both jurisdictions in reaching their respective determinations and reviewed the history of the current phraseology of the Maryland statute and the way in which the statute has been applied by the Maryland Commission and Maryland courts. The court in *Cox* concluded that no material difference existed between the two statutory sections in dispute. *Cox, supra* at 395.

It is apparent from the clear wording of the statute and from the history of the provision that the determination of industrial loss under the present provision is in essence a determination of loss of wage-earning capacity, and thus comparable to the "Other Cases" provision of the Federal statute.

*Id.*

Defendant attempts to distinguish *Cox* from the present case on the ground that the agreement in *Cox* provided that excess benefits would be paid ". . . *equal to* that of the District of Columbia" *Cox, supra* at 392 (Emphasis added); whereas the present agreement requires payment ". . . upon the *basis and at the same rate of* compensation . . ." as that of the District. (Emphasis added). This is a distinction without a difference. "Excess compensation" policies, such as the presently disputed one, are valid and enforceable contracts. *Nelson v. Victory Electric Works, Inc.*, 227 F.Supp. 404 (D.Md.1964), aff'd, 338 F.2d 994 (4th Cir. 1964). These policies may be drafted using different terms, such as "equal to" in *Cox, supra* at 392, and *Nelson*, 227 F.Supp., *supra* at 404, or "upon the basis and same rate" in the instant case. Although the language differs, all convey the same substantive rights and impose similar obligations on the parties. They are intended to incorporate the rate structure of a different jurisdiction so

as to provide that jurisdiction's higher level of compensation to covered employees.

Defendant requests that the rationale of the *Cox* decision not be applied in this case, but no good reason has been set forth justifying disregard of its holding. To do so would effectively negate the purpose of the collective bargaining agreement and would invite double litigation in every such case. Defendant entered into its contract ten years after the *Cox* decision, in this same district. It is presumed that defendant understood what it was undertaking to provide when it chose to underwrite the employer's obligation under the collective bargaining agreement. It cannot now seek to avoid its contractual responsibility because of a purely semantic distinction.

For the above reasons, this court finds no material difference between the standards used by the Maryland Commission in determining "industrial loss" and those used by the District of Columbia Commission in determining "loss of wage-earning capacity." These terms, as they are used in their respective statutes, have essentially the same meaning. In addition, it is apparent to the court that the primary intention of the parties here was to incorporate the rate structure of the District of Columbia statute so as to supplement the compensation award granted under the Maryland statute. Defendant is, therefore, liable to plaintiff for the payment of the excess benefits due under the contract.[3]

Accordingly, it is this 26th day of December, 1978, by the United States District Court for the District of Maryland, ORDERED:

1) That plaintiff's motion for partial summary judgment be, and hereby is, GRANTED;

2) That defendant's motion for summary judgment be, and hereby is, DENIED; and

3) That plaintiff and defendant are to confer in an attempt to arrive at a stipulated sum of damages recoverable by plaintiff

in light of this court's Memorandum and Order; the parties are to report the result of their conference to the court within twenty (20) days of the date of this Order.

The Clerk shall mail a copy of this Memorandum and Order to counsel for the parties.

---

**3.** The exact amount of additional sums due remains to be computed as to the difference between the amount determined by the Maryland Commission and the amount payable under the D.C. Act for the same degree of disability found by the Maryland Commission.