**Ronald WILLIAMS**

v.

**The AETNA CASUALTY AND SURETY INSURANCE COMPANY.**

Civ. No. B–78–1777.

United States District Court,
D. Maryland.

March 13, 1980.

---

Martin E. Gerel and Ashcraft & Gerel, Rockville, Md., for plaintiff.

William R. Levassuer and Semmes, Bowen & Semmes, Baltimore, Md., for defendant.

---

### MEMORANDUM AND ORDER

C. STANLEY BLAIR, District Judge.

Plaintiff Ronald Williams filed this action for specific performance and damages as a third party beneficiary under a workman's compensation "excess benefits" insurance contract entered into between plaintiff's employer and defendant, Aetna Casualty and Surety Insurance Company. Under the contract, if plaintiff receives lower workman's compensation benefits as a result of his being injured in Maryland rather than in the District of Columbia, the defendant will pay the difference, for the same degree and percentage of disability as found by the Maryland Commissioner. Diversity jurisdiction was invoked under 28 U.S.C. § 1332.

Plaintiff is a Maryland citizen and defendant insurance company is organized under the laws of Connecticut with its principal place of business in a state other than Maryland. However, defendant has now moved to dismiss under Fed.R.Civ.P. 12(b)(1), claiming that plaintiff has not met the $10,000 amount in controversy required under § 1332.

Plaintiff, who was injured while working in Maryland, was awarded temporary total disability benefits at a weekly rate of $164.50 from September 22, 1976 to January 10, 1977. Thereafter, he was awarded permanent partial disability benefits at a weekly rate of $54.83, but not to exceed the sum of $6,125.00. If plaintiff had been injured in the District of Columbia, he would have received an additional $1,516.45 in temporary total disability payments and, for the time he received Maryland compensation, $3,649.70 in permanent partial disability benefits. He would also have been entitled to an additional $87.50 in weekly permanent disability payments for the remainder of his life. Since the District of Columbia places no limit on permanent disability payments, defendant contends that the future weekly payments should not be included in the computation of the jurisdictional amount. However, it is well-established that unconditional future payments may be included when computing the amount in controversy. *Aetna Casualty Co. v. Flowers*, 330 U.S. 464, 467–68, 67 S.Ct. 798, 799–800, 91 L.Ed. 1024 (1947); *Sharp v. Liberty Mutual Ins. Co.*, 463 F.Supp. 104 (D.Md.1978). Since plaintiff is suing to enforce an unconditional right to future payments, the amount of plaintiff's future payments may be included in the computation of the amount in controversy. Defendant's reliance on *Lenox v. S. A. Healy Co.*, 463 F.Supp. 51 (1978), is unavailing since that case is distinguishable on its facts.

Accordingly, it is this 13th day of March, 1980, by the United States District Court for the District of Maryland,

ORDERED that the defendant's motion to dismiss be, and the same hereby is, DENIED.