DARBET, INC., a West Virginia Corporation, Plaintiff,

v.

BITUMINOUS CASUALTY CORPORATION, an Illinois Corporation, Defendant.

Civ.A. No. 1:91–0736.

United States District Court, S.D. West Virginia, at Bluefield.

June 10, 1992.

Joe Colosi, Welch, W.Va., for plaintiff.

Christopher P. Bastien, Charleston, W.Va., for defendant.

## OPINION

FABER, District Judge.

The plaintiff, Darbet, Inc. ("Darbet") a coal mining company, seeks damages in this case from its insurer, Bituminous Casualty Corporation ("Bituminous"), for money Darbet spent to repair the water wells of Virgil Collins and Daisy Murphy, two property owners damaged as a result of Darbet's mining operations.

Darbet's complaint against Bituminous contains two counts. Count One charges a breach of the contract of insurance by Bituminous in refusing to reimburse Darbet for sums paid to repair damage to the wells and for related expenses. According to Count One, Bituminous claimed that damage to the wells was caused by subsidence which was not covered under the contract and persisted in this contention in the face of information supplied by Darbet which Darbet maintains showed the damage was not caused by subsidence. Count One seeks compensatory damages of $18,925.39 plus interest and costs and an additional $20,000 in punitive damages.

Count Two of Darbet's complaint is labeled "Declaratory Judgment" and concludes by asking the court to "declare that the insurance contract aforementioned provides coverage to Darbet, Inc., under the claim of loss of Virgil Collins and Daisy Murphy, that the losses of water by Daisy Murphy and Virgil Collins were not due to 'subsidence,' and that the reasonable expectations of the insured should be given effect so that the insuring agreement covers the losses sustained as set forth in this Complaint."

This case was filed originally in the Circuit Court of McDowell County, West Virginia. On July 15, 1991, the last day for the defendant to file a timely answer in state court, Bituminous filed a Notice of Removal and Answer in this court and served them by mail addressed to plaintiff's counsel. The next day, July 16, plaintiff's counsel, not yet in receipt of the Notice of Removal and Answer, took a default judgment in state court for $18,925.39, the amount of the claim for compensatory damages in Count One of the complaint. The day after that, July 17, plaintiff's counsel received in the mail a copy of defendant's Notice of Removal and Answer. A copy of the Notice of Removal was ultimately filed in state court, but not until some time after August 13, 1991.

The pleadings establish that, for purposes of diversity jurisdiction, the plaintiff is a citizen of West Virginia and the defendant is a citizen of Illinois. Defendant's theory that the requisite amount in controversy for federal jurisdiction is met is contained in paragraph 5 of the Notice of Removal which reads in part: "The matter in controversy exceeds, exclusive of costs and disbursements, the sum of Fifty Thousand Dollars ($50,000.00) in that plaintiff sues for declaratory relief on an insurance contract with a policy limit of Seven Hundred Fifty Thousand Dollars ($750,000.00)...."

Plaintiff filed a timely Motion to Remand asserting that the policy limits of the insurance contract in question are not determinative of jurisdictional amount. Plaintiff also filed a Motion to Dismiss, arguing that the default judgment entered in state court is valid and has resolved all matters in dispute. Defendant has filed a motion asking this court to set the state default judgment aside.

In addressing first plaintiff's Motion to Remand, this court concludes that the requisite jurisdictional amount is lacking and that, as a consequence, this case was removed improvidently and without jurisdiction and must be remanded to the Circuit Court of McDowell County, West Virginia. Since it lacks jurisdiction, this court does not consider the other pending motions.

The controlling principles of law are discussed at 14A Wright, Miller & Cooper, *Federal Practice and Procedure*, § 3710, pp. 166–67. The cases considered there establish that, in a declaratory judgment action calling into question the validity of a

contract of insurance such as when the insurer contends the policy is lapsed for nonpayment of premiums, the amount in controversy is the face amount of the policy, but that the rule is otherwise where the question is the applicability of the policy to a particular occurrence. In the latter event, the amount in controversy is the value of the underlying claim, not the face amount of the policy.

The nature of the dispute in this case illustrates that validity of the policy of insurance is not at issue. The issue is simply whether this particular loss is exempted from coverage by Endorsement GL396E 1–86 to the policy which reads as follows:

> It is agreed that the insurance does not apply to 'property damage' directly or indirectly arising out of, covered by, resulting from, contributed to, or aggravated by the subsidence, settling, sinking, slipping, falling away, shifting, mud flow, rising, tilting, or any other movement of land or earth.

While Bituminous maintains that its denial of coverage was not limited to subsidence, its Answer makes clear that its defense is based upon the premise that this specific provision of the policy exempts this particular occurrence from coverage. There is no controversy concerning validity or general enforceability of the policy. Whether or not there is coverage depends upon the unique facts of this case.

*Mutual Life Insurance Co. v. Moyle*, 116 F.2d 434 (4th Cir.1940), was a case in which an insurance company brought suit against its insured for a declaratory judgment to determine its rights and responsibilities under a disability policy. Aggregate death benefits provided under the policy totaled $20,000, but only one monthly payment of $200 was actually due when the suit was brought. The issue in the case was whether the defendant was totally and permanently disabled entitling him to receive monthly payments of $200 up to the policy limits so long as the disability continued. The court held that the $3,000 jurisdictional amount was not met. All that was at issue, the court said, was the right of the defendant to receive the disability payment which had accrued at the time of suit. At 116 F.2d 434–35, the court continued:

> Such a case is to be distinguished from one where the controversy relates to the validity of the policy and not merely to liability for benefits accrued; for, in the latter case, the amount involved is necessarily the face amount of the policy....

*Moyle* was followed in *Beaman v. Pacific Mutual Life Insurance Co.*, 369 F.2d 653 (4th Cir.1966).

*Bell v. Philadelphia Life Insurance Co.*, 78 F.2d 322 (4th Cir.1935), is the other side of the coin. *Bell* was a suit to recover $600 in disability benefits and for a declaratory judgment that a $10,000 policy which had been declared lapsed for nonpayment of premiums remained in force. Since validity of the policy was directly called into question, the face amount of the policy was the amount in controversy for jurisdictional purposes.

This case fits the rationale of the *Moyle* case—not the *Bell* case. The issue here is whether the particular facts of this case bring it within the explicit exemption from coverage upon which the defendant relies. Validity of the policy is not called into question; therefore, the amount in controversy is not equal to the policy limits of the insurance. Accordingly, the requisite jurisdictional amount is lacking and this court is without jurisdiction over the case. Having been removed improvidently and without jurisdiction, this case is remanded to the Circuit Court of McDowell County, West Virginia. An appropriate judgment order will be entered to that effect.