**Garnette J. STOLLINGS, Plaintiff,**

v.

**PRINCESS COALS, INCORPORATED, a corporation, and David L. Francis, Nancy L. Francis and James D. Francis, II, the stockholders of Princess Coals, Incorporated, Defendants.**

**Civ. A. No. 2502.**

United States District Court
S. D. West Virginia,
Huntington Division.

March 25, 1969.

Huddleston, Bolen, Beatty, Porter & Copen, Huntington, W. Va., for plaintiff.

Campbell, McNeer, Woods, Bagley & Emerson, Huntington, W. Va., for defendants.

CHRISTIE, District Judge:

Plaintiff brings this action asserting the continuing validity of a contract between plaintiff and Princess Coals, Incorporated (hereinafter referred to as defendant), and alleging a breach of that contract by defendant. Jurisdiction in this court is based upon an allegation of diversity of citizenship of the parties, together with the requisite amount in controversy. 28 U.S.C.A. Section 1332. The defendant has, by its answer, raised the issue as to whether or not the matter in controversy exceeds the value of $10,000, and we accordingly direct our attention to determining whether or not the Court has jurisdiction to adjudicate plaintiff's claim.

The contract in question was made between plaintiff and Princess Elkhorn Coal Company, defendant's predecessor, on April 30, 1949. Essentially, the contract embodied an agreement by plaintiff to work for and faithfully serve Princess Elkhorn Coal Company in return for which the coal company agreed, among other things, to pay plaintiff upon his retirement a monthly allowance or pension for the remainder of his life. Also embodied in the contract was an agreement by plaintiff to make his services available as a consultant and advisor following his retirement. Plaintiff worked for the coal company from 1949 to 1956, retiring in the latter year and receiving thereafter, until March of 1968, a monthly retirement allowance of $233.-33. In June of 1967, the stockholders of defendant agreed to discontinue business as a corporation and surrender the charter and corporate franchise to the State of West Virginia. Subsequently, on June 19, 1968, an official certificate of dissolution of defendant was issued by the Secretary of State. At the time of such voluntary dissolution defendant was a solvent corporation. In March and April of 1968, David L. Francis, the chairman of the Board of Directors of

defendant, informed plaintiff that the company planned to discontinue the retirement allowance, and after March of 1968, refused to make any more payments. Plaintiff asserts that such failure to make payments constitutes a repudiation of the entire contract entitling him to damages in lieu of the performance of the remainder of the contract. Defendant, for its part, asserts that the contract was not repudiated, but was fully performed by it, alleging that the dissolution of the corporation terminated its obligation under the contract. In questioning the jurisdiction of this court, defendant contends that even if it is found that the contract remained in full force and effect subsequent to the dissolution of the corporation, plaintiff is only entitled to recover the payments presently due, $1,633.33, a sum less than the amount necessary to support diversity jurisdiction. The Court, having benefited from learned and exhaustive briefs submitted by counsel for both the plaintiff and the defendants, is of the opinion that the matter in controversy in this case exceeds the value of $10,000, and that the amount in controversy meets the federal diversity requirement.

While a superficial examination of the facts of this case might lead to the conclusion that the only issue to be decided or the "matter in controversy" relates to the question of whether or not plaintiff is entitled to recover damages on the entire contract or only those payments presently due, a reading of the complaint shows the situation to be otherwise. Thus, from the complaint it can be seen that the ultimate issue before this court is whether the contract between plaintiff and defendant remained viable subsequent to the dissolution of Princess Coals. Whether defendant's actions are to be characterized as repudiation of the entire contract or only a partial breach of that contract, the fact remains that according to the view taken by the defendant in this action, its obligation to plaintiff came to an end with the dissolution of the corporation. The position of the plaintiff is, of course, that the contract remained in full force and effect subsequent to the dissolution of the corporation. Thus, while the Court will have to determine whether plaintiff, if he should prevail, is entitled to damages for a total breach of the contract or only to those payments presently due, such a determination is merely a consequence of the resolution of the central issue—the issue as to whether or not the contract remained in full force and effect subsequent to the dissolution of Princess Coals. The parties have stipulated that, for the purposes of the jurisdictional question, plaintiff has a life expectancy of 11.3 years. With monthly payments of $233.33, it is obvious that the value of the contract, the "matter in controversy," greatly exceeds the $10,000 jurisdictional requirement.

The present case is to be distinguished from those cases in which the defending party does not deny the existence of a continuing contractual relationship between the parties, but rather denies that the prosecuting party has satisfied certain conditions precedent to a right of recovery. See Beaman v. Pacific Mutual Life Insurance Company, 369 F.2d 653 (4th Cir. 1966). In such cases the matter in litigation involves a right to future payments "contingent on a continuation of present status," *Beaman,* supra at 656, such as a disability under the terms of a health and accident policy, whereas in the present case the controversy relates to the validity of the contract itself. Mutual Life Insurance Co. of New York v. Moyle, 116 F.2d 434, 435 (4th Cir. 1940). Defendant does not deny that plaintiff has fulfilled his obligations under the contract or that, if the contract were found to be a continuing obligation on the part of the corporation, it would be liable to make continuing payments to plaintiff for the remainder of his life. Defendant's position is that the obligations under the contract came to an end with the dissolution of the corporation. Under such circumstances the matter sought to be litigated involves the "basic right to receive unconditional payments in the future," *Beaman,* supra, and

as such the value of the contract rather than the value of accrued payments is the value of the matter in controversy. See Brotherhood of Locomotive Firemen & Enginemen v. Pinkston, 293 U.S. 96, 55 S.Ct. 1, 79 L.Ed. 219 (1934).

Having found the requisite jurisdictional amount present, defendants' motion to dismiss must be denied.