**Francis J. BROGLIE and Rosaline R. Broglie, Appellants,**

v.

**Alexander MacKAY–SMITH and Marilyn M. MacKay-Smith, Appellees.**

No. 76-1125.

United States Court of Appeals, Fourth Circuit.

Submitted June 11, 1976.

Decided Sept. 17, 1976.

---

Daniel J. Perry, Winchester, Va., on brief for appellants.

William A. Johnston and Ronald J. Brown, Winchester, Va., on brief for appellees.

Before WINTER and BUTZNER, Circuit Judges, and CLARKE,* District Judge.

WINTER, Circuit Judge:

The sole issue presented by this appeal is whether the district court erred in dismissing the complaint on the ground that it lacked jurisdiction because the amount in controversy did not exceed $10,000, as required by 28 U.S.C. § 1332. We reverse.

I.

In their complaint, plaintiffs alleged the following: They and defendants are citizens of different states. On or about September 21, 1973, plaintiffs purchased a horse from defendants for $6,000, and defendants warranted that the horse would make "a top junior jumper or junior hunter." In fact, the horse was congenitally lame, and this was known to defendants. Plaintiffs made a timely rejection of the horse and demanded the return of their

* The Honorable J. Calvitt Clarke, Jr., United States District Judge, for the Eastern District of Virginia, sitting by designation.

purchase money; defendants have refused to rescind the transaction. Plaintiffs have incurred expenses for the care of the horse and damages, since their timely rejection of the horse, amounting to $4,600. Broadly read, we think the complaint also necessarily implied that these incidental damages would continue to mount until the time of trial.

In response to motions by defendants, plaintiffs filed two "More Particular Statement[s] as to Damages." It is defendants' contention that close scrutiny of these statements reveals that the total damages sustained by plaintiffs, including the purchase price of the horse, at the time of the complaint was filed was only $9,930.75.** While defendants would apparently concede that the incidental damages, if recoverable, brought the amount in controversy over $10,000 by the time the district court ruled on the motion to dismiss for want of jurisdiction over the subject matter, defendants' position is that the amount in controversy must be appraised as of the time the complaint is filed.

### II.

■ We find it unnecessary to decide whether jurisdiction may be founded upon increments to damage not alleged in the complaint because we view the complaint, alone and particularized, as containing an allegation of continuing damage. Damages which the plaintiff claims will accrue in the future are properly counted against the jurisdictional amount if "a right to future payments . . . will be adjudged in the present suit." 1 Moore's Federal Practice ¶ 0.93[5.—3] at 904. See Weinberger v. Wiesenfeld, 420 U.S. 636, 642 n. 10, 95 S.Ct. 1225, 43 L.Ed.2d 514 (1975); Aetna Casualty & Surety Co. v. Flowers, 330 U.S. 464, 467–69, 67 S.Ct. 798, 91 L.Ed. 1024 (1947); Thompson v. Thompson, 226 U.S. 551, 559–60, 33 S.Ct. 129, 57 L.Ed. 347 (1913). And a

plaintiff may properly include as part of the amount in controversy costs which will not be incurred until after the suit is ended. Western & Atlantic R.R. v. Railroad Commission, 261 U.S. 264, 43 S.Ct. 252, 67 L.Ed. 645 (1923). A fortiori, plaintiffs here may rely upon costs to be incurred subsequent to the filing of the complaint but prior to trial in meeting the jurisdictional amount requirement.

### III.

Defendants also attack plaintiffs' allegations of incidental damages on the ground that these claims are not made in good faith. Defendants argue that we must conclude that plaintiffs unreasonably let damages accumulate for the purpose of reaching the jurisdictional amount, by continuing to keep and care for the horse instead of mitigating damages by selling it. Plaintiffs contend that there is no market for a lame horse.

■ We note that had plaintiffs not provided the animal "necessary sustenance, food, drink, or shelter," they could have been subject to prosecution under Va.Code § 18.2–392. Plaintiffs had a right to sell the horse to mitigate damages only "in commercially reasonable manner," Va.Code § 8.2–706(1), and what is a commercially reasonable manner in which to sell a lame horse is not self-evident. Short of sale, plaintiffs can recover reasonable costs of handling defective goods. Va.Code § 8.2–715(1). In sum, mitigation of damages is an issue for trial; plaintiffs' dereliction, if any, has not been sufficiently demonstrated to compel the inference that their claim was not made in good faith. See St. Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S. 283, 288, 58 S.Ct. 586, 82 L.Ed. 845 (1938).

Since we think the plaintiffs sufficiently alleged the amount in controversy so as to vest jurisdiction in the district court, the

---

** In plaintiffs' first More Particular Statement, etc., under the item of "Board and Care," plaintiffs stated that this item of damage "is a continuing one," and further that the horse's innate viciousness required that he be provided with a private paddock. In the Second More Particular Statement, the continuing nature of this item of damage was not restated, but since additional reimbursement was claimed, the continuing concept of this item of damages was manifest.

judgment of the district court is reversed and the case is remanded for further proceedings.

REVERSED AND REMANDED.