**Patrick E. LIEN, Plaintiff,**

v.

**H.E.R.C. PRODUCTS, INC. d/b/a h.e.r.c., Inc., Defendant.**

**No. CIV. A. 2:98CV30.**

United States District Court,
E.D. Virginia,
Norfolk Division.

June 5, 1998.

Gregory A. Giordano, Shuttleworth, Ruloff & Giordano, Virginia Beach, VA, for Plaintiff.

D. Arthur Kelsey, Hunton & Williams, Norfolk, VA, for Defendant.

## OPINION AND ORDER

FRIEDMAN, District Judge.

This matter is before the Court on Plaintiff's Motion to Remand. Specifically, the Court must determine whether the damages in this case exceed or meet the monetary requirement ($75,000.00) necessary to establish diversity jurisdiction in federal court.

### FACTUAL AND PROCEDURAL BACKGROUND

In the Summer of 1996, plaintiff, Patrick Lien, an employee of the defendant, H.E.R.C., Inc. (hereinafter HERC), allegedly negotiated a contract with the Navy for $17.5 million.[1] The terms of the HERC/Navy contract are "Indefinite Delivery and Indefinite Quantity" (IDIQ), *i.e.*, the Navy is only obligated by the contract on a yearly basis. Around the same time that the plaintiff negotiated the contract with the Navy, HERC allegedly changed the commission terms in its employment contract with plaintiff. The controversy in this case centers around plaintiff's employment agreement with HERC, and what amount of commission, if any, is owed to plaintiff as a result of the HERC/Navy contract.

This matter was filed in Portsmouth Circuit Court on December 12, 1997. In his Motion for Judgment, plaintiff claims that HERC has "anticipatorily breached its agreement with respect to commissions that will be owing in the future on the Navy contract." *See* Pls. M. for Judgment at ¶ 10 (Dec. 12, 1997). Plaintiff seeks "$33,355.00 plus such further commissions that come due as of the date of trial, with the right to sue for additional commissions as they come due over the life of the $17.5 million dollar [sic] Navy contract." *See* Pls. M. For Judgment at ¶ 4. On January 8, 1998, plaintiff's counsel provided a settlement letter to defendant in which plaintiff stated that damages at that time equaled $34,000.00 (increasing, since the Motion for Judgment was filed in December 1997, to approximately $36,000.00 due to extra ship work). Plaintiff indicated that he would be willing to accept $80,000.00 in settlement of his claims. On January 12, 1998, defendant removed this action to federal court claiming diversity jurisdiction. Plaintiff filed a Motion to Remand to state court claiming that the amount in controversy is less than $75,000.00.

### ANALYSIS

#### I. Legal Standards for Removal

Federal district courts have original jurisdiction over civil actions "where the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs" and the matter is between citizens of different States. *See* 28 U.S.C. § 1332. Title 28 U.S.C. § 1441, known as the "removal statute," provides that a case filed in state court can be removed to federal court when it is shown by the defendant that the federal court has jurisdiction. *See Mulcahey v. Columbia Organic Chemicals Co., Inc.*, 29 F.3d 148, 151 (4th Cir.1994) (the defendant has the burden of proof to show jurisdiction of federal court); *Landmark Corp. v. Apogee Coal Co.*, 945 F.Supp. 932 (S.D.W.V.1996) (requiring proof by preponderance of evidence prior to removal).[2] A defendant seeking removal to federal court shall file a notice of removal stating the basis of removal within 30 days service of the complaint or

> If the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by defendant, through service of otherwise, of a copy of an amended pleading, motion, order or *other paper* from which it may first be ascertained that the case is one which is or has become removable.

1. Lien is a resident of Virginia. HERC is a company incorporated in Delaware and doing business in Virginia.

2. *Id.* at n. 2 (distinguishing cases originally filed in federal court where defendant challenges jurisdiction and legal certainty test applies); *see also, Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1357 (11th Cir.1996); *De Aguilar v. Boeing Co.*, 11 F.3d 55, 58 (5th Cir.1993); *Gafford v. General Elec. Co.*, 997 F.2d 150, 158 (6th Cir. 1993); *Shaw v. Dow Brands Inc.*, 994 F.2d 364, 367 (7th Cir.1993); *Gaus v. Miles, Inc.*, 980 F.2d 564, 567 (9th Cir.1992); *Cunningham v. Ford Motor Co.*, 413 F.Supp. 1101, 1103 (D.S.C.1976).

28 U.S.C. 1441(a)(b) (emphasis added).[3] Because removal raises federalism concerns, the court must carefully scrutinize the facts to ensure that removal is appropriate. *Mulcahey*, 29 F.3d at 151 (citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 61 S.Ct. 868, 85 L.Ed. 1214 (1941)).

## II. Determination of the Amount In Controversy

The central issue the Court must determine is whether the controversy in this case implicates the commissions owing from the entire contract (over $500,000.00) or merely the $33,000.00 plaintiff seeks up front. Plaintiff argues that the installment commission contract at issue in this case is analogous to the insurance claim which was before the court in *Beaman v. Pacific Mut. Life Ins. Co.*, 369 F.2d 653, 654 (4th Cir.1966). In *Beaman*, the Fourth Circuit found that the amount in controversy was limited to the past due payments since the plaintiff had not, and could not, state a claim for anticipatory breach. *Id.* at 655. Therefore, the plaintiff in *Beaman* could not proceed in federal court. HERC argues that this case is distinguishable from *Beaman* since the plaintiff specifically claims in his motion for judgment that the defendant anticipatorily breached the contract. *See* Pls. M. for Judgment at ¶ 10.

Utilizing the *Beaman* reasoning, in *Broglie v. MacKay–Smith*, 541 F.2d 453 (4th Cir. 1976), the court held that "damages which the plaintiff claims will accrue in the future are properly counted against the jurisdictional amount if a right to future payments … will be adjudged in the present suit." *Id.* at 455 (quoting Moore's Federal Practice at 904). The court found that although the actual dollar figure requested by plaintiff did not exceed the jurisdictional amount, the jurisdictional minimum was satisfied based on the allegation of continuing damages. *Id.; see also Aetna Casualty & Surety Co. v. Flowers*, 330 U.S. 464, 67 S.Ct. 798, 91 L.Ed. 1024 (1947) (finding that where an entire contract, including the right to future payments, is at issue, then the amount in controversy includes the amount the plaintiff could

receive); *William B. Tanner Co. v. Cameron Radio, Inc.*, 617 F.2d 169, 173 (8th Cir.1980) ("Where, however, suit involves total breach of contract, affecting both present and future liability, it is proper to consider the whole value of the contract."). The *Broglie* court noted that to establish jurisdiction based on diversity, a plaintiff may "include as part of the amount in controversy costs which will not be incurred until after the suit is ended." 541 F.2d at 455 (citing *Western & A.R.R. v. Railroad Comm'n of Ga.*, 261 U.S. 264, 43 S.Ct. 252, 67 L.Ed. 645 (1923)).

Similarly, in *Stollings v. Princess Coals, Inc.*, 297 F.Supp. 604 (S.D.W.V.1969), the court found that the value of a retirement contract, rather than the accrued payments as of the date of filing the complaint, determined the value of the controversy. In *Stollings*, the contract was such that plaintiff agreed to provide his work and his consulting services after retirement in exchange for a monthly allowance or pension for the remainder of life post-retirement. After plaintiff's retirement, the company went out of business and stopped paying plaintiff. Plaintiff filed a case seeking his pension. The court found that since the issue before the court was whether the contract remained viable subsequent to the dissolution of the company, the value of the controversy was the value of the entire contract. *Id.* at 605.

Plaintiff argues that the facts in this case are distinguishable from *Stollings*, since the commission at issue here is not a fixed payment, and can only be determined by future commitments between the Navy and HERC under the IDIQ contract. The Court agrees that this case does not involve a fixed payment, but does not think that this difference is dispositive. Like the court in *Stollings*, this Court must do more than a superficial review of the specific amount requested in the complaint. Plaintiff's position is belied by his settlement letter exclaiming that he was "claiming all of the commissions that will accrue during the five year period," that by the end of a two year period the commissions will likely reach $100,000.00, and that HERC

---

3. The notice of removal in this case was filed January 12, 1998. This matter was filed in Portsmouth Circuit Court on December 12 and served on defendant's agent on December 22, 1997. Therefore, the timeliness of the notice of removal is not an issue in this case.

has already "lined up" about 18 months of jobs under the Navy contract.[4] Furthermore, during oral argument the plaintiff affirmatively answered the Court stating that he sought a decision on the validity of the entire contract.

Plaintiff argues that the Court should rely on *Landmark Corp. v. Apogee Coal Co.*, 945 F.Supp. 932, 936 (S.D.W.V.1996), where the court concluded that the collateral effect for future judgments would not be considered in determining the amount in controversy. Plaintiff claims that, like the plaintiff in *Landmark*, he is only seeking the amount of damages accrued to date and the right to bring suit for future damages. However, in *Landmark*, the plaintiff was not seeking a declaration concerning the meaning of the contract. *Id.* The court noted that if the plaintiff had demanded a declaration as to the entire contract, then the amount in controversy would have been greater than the jurisdictional minimum. *Id.* As explained above, based on the pleadings and the statements made by counsel, both written and oral, the Court is of the opinion that the plaintiff is seeking a decision as to the validity of the entire HERC/Navy contract.

4. The Court acknowledges that in some cases a party might inflate their claims, known as "puffing," for the purposes of settlement. *See Gwyn v. Wal-Mart Stores, Inc.*, 955 F.Supp. 44, 45 (M.D.N.C.1997) (acknowledging settlement letter as mere puffing and remanding case upon finding that claims did not exceed jurisdictional minimum). However, just as often parties strategically make an offer for settlement discounting what they would seek if forced to go to trial. *See Mullins v. Harry's Mobile Homes, Inc.*, 861 F.Supp. 22, 24 (S.D.W.V.1994) (noting plaintiff's $45,000.00 settlement offer, and still finding that jurisdictional minimum was satisfied). While the Court cannot say with certainty which occurred in this case, based on the facts and estimated value of plaintiff's commissions (over $500,000.00), the Court is inclined to believe that plaintiff's $80,000.00 offer to settle was not mere "puffing."

5. Significantly, in support of its motion to remand, the plaintiff could have and did not offer to stipulate that the damages in this action would not exceed $75,000.00. *See Gwyn v. Wal-Mart Stores, Inc.*, 955 F.Supp. 44, 46 (M.D.N.C.1997) (considering post-removal stipulation as basis for remand to state court).

6. The Court notes that even on this Court's rapid docket, this case will likely not be tried until at

Additionally, plaintiff asserts through affidavits submitted in this case that he cannot ascertain with any certainty the amount of future commissions that will be owed to plaintiff by HERC.[5] However, "[t]he possibility that the payments will terminate before the total reaches the jurisdictional minimum is immaterial if the right to the payment is at issue." *Flowers*, 330 U.S. at 468, 67 S.Ct. 798. If the plaintiff in this case truly only sought $33,000.00 and the "right to sue for additional commissions," this case might be considered differently. However, the totality of the circumstances in this case, *i.e.*, the wording of the Complaint, the plaintiff's settlement letter and the plaintiff's statements to this Court, contradict the plaintiff's assertion that the value of this litigation is less than $75,000.00.[6] A determination of the value of the entire contract, including whether the plaintiff will be entitled to future commissions under the HERC/Navy contract, unquestionably creates a controversy with a potential recovery greater than $75,000.00. Therefore, based on the language in the motion for judgment alone, this Court finds that it has diversity jurisdiction over plaintiff's claims.[7]

least the Fall of 1998. Accepting the plaintiff's assertions regarding the status of the Navy contract and the damages claimed as of January as true, *see* Giordano letter, this Court will not be surprised if by the time of trial the plaintiff argues under his theory of the commission scheme that the accrued damages are greater than $75,000.00. Therefore, even if the Court did grant plaintiff's motion and remand this matter to state court, it would likely amount to an exercise in futility since the defendant would likely again seek to remove the action prior to trial.

7. Defendant's primary claim for removal is based on the language in the plaintiff's motion for judgment which is bolstered by plaintiff's settlement letter to defendant. However, even if the Court found that the motion for judgment was not sufficient for federal jurisdiction, still plaintiff's January 8, 1998, settlement letter offering to settle $80,000.00 constitutes "other paper" under 28 U.S.C. § 1446(b), and as described above, the letter contains language justifying removal in and of itself. *See Rodgers v. Northwestern Mutual Life Ins. Co.*, 952 F.Supp. 325, 327-28 (W.D.Va.1997) (finding that settlement letter stating that damages were "approximately $75,000.00" triggered removal provisions of Section 1446(b)); *see also Yarnevic v. Brink's, Inc.*, 102 F.3d 753 (4th Cir. 1996) (noting that removal can be based on for-formal or informal documentation).

## CONCLUSION

Based on the pleadings in this case and the settlement letter issued in January from the plaintiff's counsel, it is this Court's opinion that the defendant has sustained its burden and shown by a preponderance of the evidence that the value of the controversy in this case exceeds $75,000.00. Therefore, this matter is properly before the Court pursuant to Section 1331(a) federal diversity jurisdiction. Accordingly, it is ORDERED that plaintiff's motion to remand is DENIED.

It is so ORDERED.