James **SCHWENK**, Plaintiff,

v.

**COBRA MANUFACTURING COMPANY**, Defendant.

No. CIV.A. 2:04CV235.

United States District Court,
E.D. Virginia.
Norfolk Division.

June 22, 2004.

William D. Breit, Esquire, Miller & Associates, Alexandria, VA, Counsel for Plaintiff.

W. Edgar Spivey, Esquire, R. Johan Conrod, Jr., Esquire, Kaufman & Canoles, P.C., Norfolk, VA, Counsel for Defendant.

## *ORDER*

MORGAN, District Judge.

This matter is before the Court on Plaintiff James Schwenk's ("Plaintiff") Motion to Remand. On May 28, 2004, the Court heard argument from the parties on this motion. For the reasons discussed in this Order, the Plaintiff's Motion is DENIED.

### *FACTUAL BACKGROUND AND PROCEDURAL HISTORY*

The Plaintiff is a resident of Virginia Beach, Virginia. (Mot. for J. at ¶ 1). The Defendant is an Oklahoma corporation with its principal place of business in Oklahoma, and regularly transacts business in Virginia. (Mot. for J. at ¶ 2; Answer & Denial at ¶ 2). The Plaintiff originally filed suit against the Defendant in the Circuit Court of the City of Virginia Beach. The Defendant was served with the Motion for Judgment on May 1, 2003. In the Motion for Judgment, the Plaintiff alleges that he sustained "serious and permanent injuries" when he fell off of a tree step, used for hunting, manufactured by the Defendant. (Mot. for J. at ¶¶ 4–6). The Plaintiff's Motion for Judgment demands $74,000 in damages, plus prejudgment interest and costs. (Mot. for J. at 1).

Counsel for the Plaintiff and Defendant discussed settling this matter prior to October 2, 2003. (*See* Resp. to Mot. to Remand, Ex. 1, Letter from Def.'s Counsel to Pl.'s Counsel). Despite the Defendant's requests, the Plaintiff never forwarded any information to the Defendant regarding the Plaintiff's alleged damages or a demand to settle the case. Without any settlement demand from the Plaintiff, the Defendant served the Plaintiff with a request for admission and a proposed stipulation asking the Plaintiff to admit or stipulate that "the total damages recoverable by [the Plaintiff] in the above-captioned litigation do not exceed $75,000." (*Id.*, Ex. 2). In a response received by the Defendant on March 8, 2004, the Plaintiff objected to the request for admission, and admitted only that the amount sued for was $74,000 and reserved his right to amend the Motion for Judgment at some future time. (*Id.*)

On April 7, 2004, the Defendant filed a Notice of Removal pursuant to 28 U.S.C. § 1441, and asserted that this Court has diversity of citizenship jurisdiction pursuant to 28 U.S.C. § 1332. (Notice of Removal at ¶ 2). On April 20, 2004, the Plaintiff filed a Motion to Remand. (Document No. 4). On May 28, 2004, the Court heard argument from the parties on Plaintiff's Motion to Remand.

### *APPLICABLE LAW*

Title 28, United States Code, Section 1441 provides that "... any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant ...." Federal district courts may exercise original jurisdiction over civil actions constituting a diversity of citizenship, "where the matter in controversy exceeds the sum or value of $75,000 ... and is between ... Citizens of different States." 28 U.S.C. § 1332(a)(1).

■ If a defendant chooses to remove an action from state court to federal district court, it must file a notice of removal containing a short and plain statement of

678

the grounds for removal. 28 U.S.C. § 1446(a). In general, the notice of removal of a civil case must be filed within thirty (30) days after receipt of the initial pleading by the defendant, 28 U.S.C. § 1446(b); however:

> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action.

28 U.S.C. § 1446(b). A defendant may remove a case from state court to federal court when the defendant can show by a preponderance of the evidence that the federal court has jurisdiction. *Lien v. H.E.R.C. Prods., Inc.*, 8 F.Supp.2d 531, 532 (E.D.Va.1998).

### DISCUSSION

The Plaintiff makes two arguments in support of its Motion to Remand: (1) the amount in controversy does not exceed $75,000; and (2) Defendant's notice of removal is late.

## I. THE AMOUNT IN CONTROVERSY FOR DIVERSITY JURISDICTION

■ The Plaintiff first argues that the Court cannot exercise diversity jurisdiction in this action because the amount in controversy does not exceed $75,000. The Plaintiff simply argues that because the Motion for Judgment only seeks judgment in the amount of $74,000, the amount in controversy does not exceed $75,000. Based on the sum certain demanded in the Motion for Judgment, Plaintiff argues, the

Court does not have diversity of citizenship jurisdiction pursuant to 28 U.S.C. § 1332. Moreover, the Plaintiff argues that his failure to admit or stipulate that the amount in controversy is not greater than $75,000, is not evidence that the amount in controversy exceeds $75,000. In argument before the Court, Plaintiff's counsel admitted his intention to increase the amount in the *ad damnum* clause of the Motion for Judgment to as much as six million dollars, but argued that at the present time, the Court has no jurisdiction over the case because the value of action is just $74,000.

The Plaintiff's counsel is not proceeding in good faith. The Plaintiff's demand for $74,000 in the Motion for Judgment, knowing that he will eventually amend to demand a sum well in excess of $75,000, is an attempt to avoid the diversity jurisdiction of this Court pursuant to 28 U.S.C. § 1332(a). The Plaintiff's attempt to manipulate the system constitutes bad faith by Plaintiff's counsel and will not be tolerated by this Court. *See De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1410 (5th Cir. 1995) (finding that plaintiffs who "plead for damages below the jurisdictional amount in state court with the knowledge that the claim is actually worth more, but also with the knowledge that they may be able to evade federal jurisdiction by virtue of the pleading" are proceeding in bad faith).

■ In determining the amount in controversy, the Court is not bound by the amount the Plaintiff pleads in the state action. Rather, the Court must look at the totality of the circumstances. *See Lien*, 8 F.Supp.2d at 533–34 (denying motion to remand despite the amount pled in state court was $34,000). These circumstances include the plaintiff's refusal to stipulate to the amount of damages at issue. *Id.* at 534 n. 5 ("Significantly, in support of its motion to remand, the plaintiff could have

and did not offer to stipulate that the damages in this action would not exceed $75,000."). Finally, the Court may properly consider the allegations of the state complaint regarding the severity of the plaintiff's injuries in determining whether the amount in controversy exceeds $75,000. *Kennard v. Harris Corp.*, 728 F.Supp. 453, 454–55 (E.D.Mich.1989) (finding that the amount in controversy exceeded the jurisdictional amount based partly on plaintiff's claims of "serious, permanent and progressing injuries").

In the case at bar, the Court does not accept the Plaintiff's bare assertion that his claim for $74,000 constitutes the total amount in controversy. Plaintiff's counsel candidly admitted that he intended to amend the *ad damnum* clause of the Motion for Judgment at some future date to an amount in excess of $75,000, as much as six million dollars. That admission alone is sufficient to find that the amount in controversy exceeds the $75,000 threshold required under 28 U.S.C. § 1332(a). Beyond the Plaintiff's admission, the Plaintiff refused to admit or stipulate that the amount in controversy did not exceed $75,000, as requested by the Defendant. Lastly, the Plaintiff's Motion for Judgment alleges that the Plaintiff has suffered serious and permanent injuries, which "have caused and will continue to cause and will in the future cause great physical pain, mental anguish and inconvenience; have required the plaintiff to expend large sums of money for medical expenses and will require him to incur medical expenses in the future; have resulted in lost earnings ... and loss of earnings and lessening of earning capacity ...." (Mot. for J. at ¶ 10). Based on the totality of circumstances before the Court, the Court **FINDS** that the amount in controversy exceeds $75,000, as required by 28 U.S.C. § 1332(a).

## II. THE TIMING OF DEFENDANT'S NOTICE OF REMOVAL

■ The Plaintiff's second argument in support of his Motion for Remand is that the Defendant's Notice of Removal was not timely filed within the thirty-day limit prescribed by 28 U.S.C. § 1446(b). Title 28, United States Code, Section 1446(b) states the following:

> The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable ....

28 U.S.C. § 1446(b). The Plaintiff argues that the Defendant's removal on April 7, 2004 was late because it was not filed within thirty (30) days of May 1, 2003, the date the Defendant was served with the Motion for Judgment.

The Plaintiff's argument as to timeliness of the Notice of Removal ignores the statutory language of 28 U.S.C. § 1446(b) that governs cases which are not immediately removable as stated in the initial pleading. In such cases, the defendant has "thirty days after receipt ... of a copy of an amended pleading, motion, order or other paper from which it may first be ascer-

tained that the case is one which is or has become removable ..." to file its notice of removal. In the case at bar, Plaintiff's refusal to admit or stipulate that the amount in controversy does not exceed $75,000 was the "other paper" from which the Defendant first learned that the case was removable. *See Yarnevic v. Brink's, Inc.,* 102 F.3d 753, 755 (4th Cir.1996) (defining "other paper" as "broad enough to include any information received by the defendant, 'whether communicated in a formal or informal manner.'"); *see also Rodgers v. Northwestern Mut. Life Ins. Co.,* 952 F.Supp. 325, 328 n. 4 (W.D.Va. 1997) ("Suffice it to say ... that an admission by a party constitutes an 'other paper' within the meaning of § 1446(b)."). Plaintiff's refusal to admit or stipulate to the amount in controversy was received by the Defendant on March 8, 2004. Therefore, the Court FINDS that the Defendant's Notice of Removal on April 7, 2004 was timely filed within the thirty (30) day period prescribed by § 1446(b).

## CONCLUSION

The Court **DENIES** Plaintiff's Motion to Remand. In doing so, the Court **FINDS** that the amount in controversy well exceeds the $74,000 demanded in the Plaintiff's Motion for Judgment. The Court further **FINDS** that the Defendant's Notice of Removal on April 7, 2004 was timely filed within the thirty (30) day period allowed by 28 U.S.C. § 1446(b).

It is so **ORDERED**.